UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 13-1821
(9:11-cv-00395-SB)

JAMES P. SCHEIDER, JR.; TAFFY G. SCHEIDER

       Plaintiffs - Appellants

v.

DEUTSCHE BANK NATIONAL TRUST COMPANY, as Trustee of the IndyMac INDA Mortgage Loan 2006-AR2 Mortgage Pass-through Certificates, Series 2006-AR2 under the Pooling and Servicing Agreement dated August 1, 2006; INDYMAC MORTGAGE SERVICES; MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INCORPORATED; ONEWEST BANK, F.S.B.

       Defendants - Appellees

and

INDYMAC BANK FEDERAL BANK; MERS, INCORPORATED; MORTGAGE NETWORK INCORPORATED; INTERNAL REVENUE SERVICE; JOHN DOE 1-1000, inclusive, representing a class of unknown persons who claim or have the right to claim an interest in certain real property located in Beaufort County, South Carolina; INDYMAC MBS INCORPORATED

       Defendants

**REPLY TO APPELLEES' RESPONSE TO MOTION FOR CERTIFICATION OF QUESTIONS TO NEW YORK STATE COURT OF APPEALS**

Plaintiffs - Appellants, James P. Scheider, Jr. and Taffy G. Scheider (hereinafter referred to as "Appellants") hereby reply to Appellees' Response to Appellants' Motion for Certification of Questions to New York State Court of Appeals. This reply is also offered in further support of Appellants' Motion to Certify.

## LEGAL ARGUMENTS

### POINT I

### NEW YORK IS THE JURISDICTION OF THE CONTROLLING LAW AND THE CONTROLLING JURISDICTION

It is widely recognized that a debtor has a right to attack the validity of an assignment of a note or mortgage. He may raise any matters rendering that assignment invalid or ineffective, i.e., void. (See *Bank of America, N.A. v. Bassman FBT, LLC*, 981 N.E.2d 1, 7 (Ill. App. Ct. 2012) [borrower may raise a defense to an assignment which renders that assignment void]; *Conlin v. Mortgage Electronic Registration Systems, Inc.*, 714 F.3d 355, 361 (6th Cir. 2013) [third party may challenge an assignment if that challenge would render the assignment invalid, ineffective or void]; *Culhane v. Aurora Loan Services of Nebraska*, 708 F.3d 282, 291 (1st Cir. 2013) [mortgagor has standing to challenge an assignment as invalid, ineffective or void]; *Reinagel v. Deutsche Bank National Trust Co.*, ___ F.3d. ___, 2013 WL 3480207, p. 3, (5th Cir., July 11, 2013, No. 12-50569) [an obligor may raise any ground that renders the assignment void, rather than merely voidable]; 6A C.J.S. Assignments §132; 6 Am.Jur.2d Assignments §119.) Accordingly, if the procedure for that assignment is mandated by a contract, a debtor need not be a party to that contract or a third-party beneficiary in order to assert that the terms of the contract

1

were not adhered to. The only caveat is that the parties' failure to adhere to those terms rendered the assignment of the note or mortgage void as opposed to voidable.

Appellants in this case have argued that the assignments of their note and mortgage were in fact void ab initio due to Appellees' failure to adhere to the terms of the operative Pooling and Servicing Agreement (hereinafter referred to as "PSA") which mandates the manner and time in which the note must be transferred and the time limitation within which the mortgage must be assigned. Relevant excerpts of the governing PSA have been attached as Exhibit "22" to the moving papers.

Pursuant to the PSA, the trust remains open for a relatively short period of time, approximately 30 days, in which to transfer all notes. As shown in Exhibit "22" attached to the moving papers, the trust is dated August 1, 2006 and the closing date is August 30, 2006 – 30 days to transfer the notes. The PSA further sets forth the manner in which the notes are to be transferred:

> The original Mortgage Note, endorsed by manual or facsimile signature in blank in the following form: "Pay to the order of _____ without recourse," with all intervening endorsements showing a complete chain of endorsement from the originator to the Person endorsing the Mortgage Note (each endorsement being sufficient to transfer all interest of the party so endorsing, as note holder or assignee thereof, in that Mortgage Note) or a lost affidavit for any Lost Mortgage Note from the Seller stating that the original Mortgage Note was lost or destroyed, together with a copy of the Mortgage Note.

(Exhibit "22", Section 2.01(c)(i) as attached to the moving papers.)

None of the notes presented by the Appellees (attached collectively as Exhibit "4" to the moving papers) bear the required endorsements.

In addition, after the closing date of the PSA, the trustee has a clean up period of three months in which to transfer all mortgages – as mandated by U.S. Treasury Regulations

2

governing REMICs (26 U.S.C. Section 860D). Since the terms of the PSA require that the trustee not take any action or omit to take any action that would jeopardize REMIC status (Exhibit "22", Section 8.11(g) as attached to the moving papers), these regulations must be followed. This is not a mere technicality. The trustee has a fiduciary duty to protect the trust's REMIC status by following 26 U.S.C. Section 860D. Contrary to this regulation, however, the Appellants' mortgage, was not transferred to the trust until after the commencement of this action – well after the expiration of the mandated three month clean up period. The assignment of the mortgage dated August 10, 2011 is attached to the moving papers as Exhibit "5".

Most importantly, the PSA in this case is governed by New York law (Exhibit "22", Section 10.3 as attached to the moving papers). New York trust law, in turn, unequivocally states:

> If the trust is expressed in the instrument creating the estate of the trustee, every sale, conveyance or other act of the trustee in contravention of the trust...is void.

(New York's Estates, Powers & Trusts Law ("EPTL") § 7-2.4.)

While it is true that South Carolina law governs the Appellants' mortgage, once the Appellants' loan was securitized, New York law governed the assignment of the Appellants' note and mortgage. This is a critical distinction and one that has been recognized by a number of courts. (See *Wells Fargo Bank, N.A. v Erobobo*, 39 Misc.3d 1220(A), 2013 WL 1831799 (N.Y.Sup.Ct. 2013) (a copy is attached as Exhibit "23" to the moving papers); *Saldivar v. JPMorgan Chase Bank, N.A., et al.*, United States Bankruptcy Court, 2013 WL 2452699 (Bankr.S.D.Tex., June 5, 2013, No. 11-10689) (a copy is attached as Exhibit "24" to the moving papers); *Glaski v Bank of America, National Association*, 218 Cal. App. 4th 1079, ___ Cal. Rptr.

3

3d ___ (Cal. Ct. App. July 31, 2013).) In particular, the case of *Bank of America, N.A. v. Bassman FBT, LLC, supra.* at p. 5, contains a well-reasoned analysis of this issue:

> As for which state's law should be used to assess the validity of the transfer of the mortgages into the trust administered by plaintiff, we agree with defendants. The contract for this purported transaction included a choice-of-law provision that specified that New York law governs the trust. Courts "should give effect to a choice-of-law provision in a contract..."...Quite simply, plaintiff was a party to a transaction that took place under and contained a choice-of-law provision expressly contemplating the application of New York law...by participating in transactions under the PSA, it is plaintiff's actions, rather than defendants', that make New York law applicable to this issue...

Once this distinction is recognized, there can be no dispute as to the choice of law. Simply stated, when the terms of a contract are at issue, South Carolina law will give effect to the choice of law as specified in the contract. (See S.C. Code of Laws § 36-1-105(1).) The PSA specifies New York law. New York is the jurisdiction of the controlling law and the controlling jurisdiction.

## POINT II

## APPELLANTS' REQUEST FOR CERTIFICATION IS PROPER

Appellants' arguments are grounded in an interpretation of EPTL §7-2.4. Giving credence to the plain wording of the statute supports the Appellants' position that the transfers of their note and mortgage, contrary to the mandates of the governing PSA, are void. In support, reference has been made in this reply to the recent *Erobobo, Saldivar, and Glaski* decisions. While it is true that there are decisions to the contrary, those decisions were well before a New

4

York court, albeit a lower court, rendered a favorable decision directly on point. Although the *Erobobo* decision is literally only months old, it has already been cited with approval in other jurisdictions. Its progeny include the appellate case of *Glaski v Bank of America, National Association, supra.* at p. 1097, in which the court stated:

> ... we will join those courts that have read the New York statute literally. We recognize that a literal reading and application of the statute may not always be appropriate because, in some contexts, a literal reading might defeat the statutory purpose by harming, rather than protecting, the beneficiaries of the trust. In this case, however, we believe applying the statute to void the attempted transfer is justified because it protects the beneficiaries of the WaMu Securitized Trust from the potential adverse tax consequences of the trust losing its status as a REMIC trust under the Internal Revenue Code. Because the literal interpretation furthers the statutory purpose, we join the position stated in the New York court approximately two months ago. "Under New York Trust Law, every sale, conveyance or other act of the trustee in contravention of the trust is void. EPTL § 7-2.4. Therefore, the acceptance of the note and mortgage by the trustee after the date the trust closed, would be void." (*Wells Fargo Bank, N.A. v. Erobobo, (N.Y.Sup.Ct. 2013)* 39 Misc.3d 1220(A), 2013 WL 1831799, p. 8; see Levitin & Toomey, *Mortgage Servicing, supra.* 28 Yale J. on Reg. at p. 14, fn. 35 [under New York law, any transfer to the trust in contravention of the trust documents is void].) Relying on *Erobobo*, a bankruptcy court recently concluded "that under New York law, assignment of the Saldivars' Note after the start up day is void *ab initio*. As such, none of the Saldivars' claims will be dismissed for lack of standing." (*In re Saldivar* (Bankr.S.D. Tex., Jun. 5, 2013, No. 11-10689) 2012 WL 2452699, at p. *4.)

Admittedly, however, none of the existing decisions are binding on this Court. Only a decision of the highest court of the State of New York would resolve the issues, and provide both binding authority and guidance to this Court. Absence certification, this Court would have to anticipate what the New York State Court of Appeals would hold. In such a situation, certification is proper.

5

The United States Supreme Court has repeatedly spoken to this issue. In *Lehman Brothers v. Schein*, 416 U.S. 386, 391, 94 S.Ct. 1741 (1974), the Court referred to itself as an "outsider" in matters of state law and lacking the common exposure to local law which would facilitate a decision. As also explained by the United States Supreme Court in *Arizonians for Official English v. Arizonia*, 520 U.S. 43, 76, 117 S.Ct. 1055 (1997):

> Certification procedure...allows a federal court faced with a novel state-law question to put the question directly to the State's highest court, reducing the delay, cutting the cost, and increasing the assurance of gaining an authoritative response...Through certification of novel or unsettled questions of state law for authoritative answers by a State's highest court, a federal court may save "time, energy, and resources and hel[p] build a cooperative judicial federalism."

The Court emphasized that it is important to save "time, energy, and resources" by certifying novel and unsettled questions of state law.

And in *Bellotti v. Baird*, 428 U.S. 132, 96 S.Ct. 2857 (1976), the United States Supreme Court directed that a question concerning the meaning of a state statute and the procedure it implements should be certified to the highest state court of the controlling jurisdiction. This Court is faced with a similar situation.

In accordance with the Supreme Court decisions, this Court should certify issues of local law for which there is no controlling authority from the highest state court and which will resolve the dispute. This Court has previously certified such questions. In the cases *of IFCO Systems North America, Inc. v. American Home Assurance Company*, 010413 FED4, 11-2328 (4th Cir. January 4, 2013) and *Allianz Insurance Company v. Garrett, Jr.*, 47 F.3d 665 (4th Cir. 1995), this Court did in fact certify novel and determinative issues of local law for which there was no controlling authority from the highest state court. It is respectfully submitted that the Court is

warranted in following the directives of the United States Supreme Court and its own prior decisions to certify the questions of local law presented in the case at bar.

As a final note, Appellees have argued that the request for certification was addressed by the District Court. While it is true that the Appellants moved before the District Court for reconsideration, or in the alternative, for certification of these issues to the Fourth Circuit which could then certify to the New York State of Appeals, the District Court summarily denied the motion for reconsideration and did not address Appellants' request for certification. (A copy of the District Court's Order of May 29, 2013, has been attached to the moving papers as Exhibit "6".)

## CONCLUSION

Based on the arguments presented in the Appellants' Motion for Certification and as further supported by this reply, it is respectfully submitted that this Court is warranted in certifying the novel questions presented so as to resolve a determinative issue in this litigation by a decision of the New York State Court of Appeals. Such a decision would not only provide binding authority but also guidance for this Court. Not only will this preserve the time, energy and resources of the Court and the parties involved, but more importantly, certification will, in this case, resolve an outstanding issue having widespread consequences and impact on the homeowners of the State of South Carolina and the nation as a whole.

Respectfully submitted,

**VAUX & MARSCHER, P.A.**

By: /s/Antonia T. Lucia
Attorneys for Appellants
Antonia T. Lucia, SC Bar No. 71696 – Fed. No. 9567
Roberts Vaux, SC Bar No. 5702 – Fed. No. 4459
Mark S. Berglind, SC Bar No. 74839 – Fed. No. 9859
Post Office Box 769
Bluffton, South Carolina 29910
Telephone 843-757-2888
Facsimile 843-757-2889

November 4, 2013
Bluffton, South Carolina